UNITED STATES COURT OF APPEALS
**Filed 1/24/97**
FOR THE TENTH CIRCUIT

MARY J. HILL,

       Plaintiff-Appellant,

v.

FOOD LION INC.,

       Defendant-Appellee.

No. 96-6074
(D.C. No. CIV-95-487-L)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, a black woman, brought a Title VII action against defendant, claiming that her termination was the result of racial discrimination. The case was tried before a jury and, at the close of plaintiff's evidence, defendant moved for a judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). The district court granted the motion, and plaintiff appeals. We affirm.

Applying the same standards as did the district court, we review the grant of judgment as a matter of law de novo. See Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1546 (10th Cir.), cert. denied, 117 S. Ct. 297 (1996). Viewing the evidence in a light most favorable to the nonmoving party, we must determine whether there is evidence upon which a jury could properly return a verdict for plaintiff. See id. We will affirm the district court's grant of judgment as a matter of law "if 'there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law.'" Id. at 1546-47 (quoting Rule 50(a)). In making our determination, "[w]e do not weigh the evidence, pass on the credibility of the witnesses, or substitute our conclusions for that of the jury." Id. at 1546.

This court has adopted the three-step framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), the first step of which requires plaintiff to prove a prima facie case. See EEOC v. Flasher Co., 986 F.2d 1312, 1316 (10th Cir. 1992).

-2-

In a disparate treatment claim relating to termination for violation of a work rule, a prima facie case is established once the plaintiff shows "(i) that [the plaintiff] belongs to a [protected class]; (ii) that he was discharged for violating a work rule. . . ; and (iii) that similarly situated non-minority employees . . . were treated differently." McAlester v. United Air Lines, 851 F.2d 1249, 1260 (10th Cir. 1988). The infractions giving rise to the comparison need not involve exactly the same offenses; they need only be of comparable seriousness.

Id.

Plaintiff was terminated for executing a fraudulent credit transaction. She sought to show at trial that white employees were treated more favorably in situations involving infractions of comparable seriousness. The district court found that the other "instances were all so factually distinguishable from the Plaintiff's situation that they cannot be relied upon by a reasonable jury to find any basis based upon this evidence of discrimination against Plaintiff by the Defendant." Appellee's App. at 191. We agree with the district court. Of all the instances of cash shortage problems detailed by plaintiff in an attempt to show disparate treatment, only one involved dishonesty or theft by the employee, and in that instance the employee was immediately discharged. The other instances all involved either negligence, or, in one case, an attempted strong-arm robbery. Plaintiff presented no evidence of infractions of comparable seriousness by nonminority employees that resulted in disparate treatment.

We agree with the district court that plaintiff failed to establish a prima facie case of discrimination and that entry of judgment as a matter of law was appropriate.  The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge